# Court of Appeals
## Tenth Appellate District of Texas

10-24-00222-CR
10-24-00223-CR

Jamee Ladyral Womack,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
82nd District Court of Falls County, Texas
Judge Bryan F. Russ, Jr., presiding
Trial Court Cause Nos. 10621, 10825

JUSTICE SMITH delivered the opinion of the Court.

### MEMORANDUM OPINION

Jamee Ladyral Womack pled guilty in trial court cause number 10621 to the first-degree felony offense of possession of a controlled substance with intent to deliver and in trial court cause number 10825 to the third-degree felony offense of continuous violence against the family. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d); TEX. PENAL CODE ANN. § 25.11. The trial court deferred an adjudication of guilt and placed him on five years of deferred

adjudication community supervision on each offense. In November of 2023, the State filed motions to proceed with an adjudication of guilt in both cases and alleged that Womack committed two new offenses – possession of a controlled substance and possession of marijuana. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.116(d), 481.121(b)(2).

At the hearing on the State's motions, Womack pleaded "not true" to the allegations. After hearing testimony and receiving evidence, the trial court found both allegations to be "true," adjudicated Womack's guilt in each case, and assessed punishment at thirty years in prison on the first-degree felony offense and at ten years in prison on the third-degree felony offense. This appeal followed.

Womack's appointed appellate counsel filed motions to withdraw and *Anders* briefs in support of the motions asserting that he has diligently reviewed the appellate record and that, in his opinion, both appeals are frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967). Counsel's briefs demonstrate a professional evaluation of the record for error and compliance with the other duties of appointed counsel. As such, we conclude that counsel has performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403,

407 (Tex. Crim. App. 2008). By letter, we informed Womack of his right to review the appellate record and to file a *pro se* response. Womack did not file a response.

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 351, 102 L. Ed. 2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S. Ct. 1895, 1902, 100 L. Ed. 2d 440 (1988). After a review of the entire record in these appeals, we conclude that they are wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Accordingly, we affirm the trial court's judgments adjudicating guilt in each case. Counsel's motions to withdraw from representation of Womack are granted.

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  March 27, 2025

Before Chief Justice Johnson,
        Justice Smith, and
        Justice Harris
Affirmed; Motions granted
Do not publish
[CRPM]

